# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES MCKINLEY MILLER | CIVIL ACTION |
| VERSUS | NO. 08-4694 |
| ST. TAMMANY PARISH JAIL, ET AL. | SECTION: "R"(1) |

## REPORT AND RECOMMENDATION

Plaintiff, James McKinley Miller, a state prisoner, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against the St. Tammany Parish Jail, Sheriff Rodney Jack Strain, an unidentified vending company, and two unidentified insurance companies. In this lawsuit, plaintiff claims he was injured when he ate a contaminated candy bar purchased from the jail commissary on or about June 16, 1999.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that the complaint should be dismissed as frivolous.[2]

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] It unnecessary to hold a Spears hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defects in this case cannot be cured by an amendment. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003); Wilson v. Zimmerman, Civ. Action No. 08-3507,

In the complaint, plaintiff states:

> On April 19, 1999 I was arrested by the US Marshell and put into custody at the St. Tammany Parish Jail Covington, Louisiana. On or about June 16, 1999 while in custody I purchased commissary then begin eating a baby ruth candy bar. While chewing down on the baby ruth I bit into a piece of glass. I was taken to medical by Lt. Lee with the assistants of deputy Evans. Once there I was seen by the nurse. She stated there was nothing wrong with me. A week later I was taken to a dentist where I was given an x-ray. It was discovery I had a class 2 fracture. Then came abdominal pain. I was taken to Washington Parish where I went into surgery with the follow of two more surgery.

Even if the Court were to ignore the numerous other problems with plaintiff's claims,[3] there are two glaring obstacles the Court cannot ignore.

First, plaintiff's claims are prescribed. "[F]or a § 1983 action, the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL

---

2008 WL 2699740, at *1 n.2 (E.D. La. July 1, 2008). Any amendment would be futile because plaintiff simply is not entitled to relief for the reasons set forth in this opinion.

[3] For example, it appears that all of the defendants are improper. The St. Tammany Parish Jail is not a legal entity capable of being sued. See, e.g., Smith v. St. Tammany Parish Sheriff's Office, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D. La. Feb. 6, 2008). Sheriff Strain cannot be held liable in his *official* capacity because there is no allegation that the alleged injury resulted from an official policy or custom. See, e.g., Giroir v. Pittman, Civ. Action No. 07-5670, 2008 WL 1884054, at *2 n.4 (E.D. La. Apr. 27, 2008). Moreover, Strain cannot be held liable in his *individual* capacity because there is no allegation that he was personally involved in this incident, and he cannot be held liable under any theory of strict liability or vicarious liability simply because he holds a supervisory position. Id. The remaining unidentified defendants do not appear to be state actors and, therefore, are not proper defendants in a lawsuit brought pursuant to 42 U.S.C. § 1983. See, e.g., Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) ("To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation *was caused by a person or persons acting under color of state law*.") (quotation marks omitted).

2951279, at *1 (E.D. La. July 25, 2008); La. Civ. Code Ann. art. 3492. "Ordinarily, a cause of action under section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Price v. City of San Antonio, Texas, 431 F.3d 890, 893 (5th Cir. 2005) (quotation marks omitted); see also Smith, 2008 WL 2951279, at *1.

Plaintiff's complaint was filed no earlier than October 13, 2008.[4] Therefore, plaintiff's complaint was filed well over *nine years* after his claims accrued in 1999. Accordingly, those claims prescribed long before the instant lawsuit was filed. A complaint asserting prescribed claims is properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 Fed. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith, 2008 WL 2951279, at *2; Francis v. United States, Civ. Action No. 07-1991, 2007 WL 2332322 (E.D. La. Aug. 13, 2007).

Second, in any event, plaintiff's claim that he was sold a candy bar containing glass is frivolous even if considered on the merits. A solitary serving of contaminated food to an inmate simply does not give rise to liability under § 1983. See George v. King, 837 F.2d 705, 707 (5th Cir. 1988). Such claims may be dismissed as frivolous. Id. At most, plaintiff's claim is one for negligence and, therefore, is not cognizable pursuant to § 1983. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979).

---

[4] A prisoner's complaint is considered "filed" when it is given to the prison authorities for mailing to the Clerk of Court. Cooper v. Brookshire, 70 F.3d 377, 378 (5th Cir. 1995). In the instant case, that date could not have been earlier than the date of the complaint was signed, October 13, 2008.

4

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-seventh day of October, 2008.

                                     **SALLY SHUSHAN**
                                     **UNITED STATES MAGISTRATE JUDGE**